# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAFFIEA HARLAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-13-477-D |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this report and recommendation.

## PROCEDURAL HISTORY

Plaintiff's DIB and SSI applications were denied initially and on reconsideration at the administrative level. At his request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on January 23, 2012

(TR. 11-21). Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council, which found no reason to review the ALJ's decision (TR. 7-9). This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. See Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's DIB and SSI applications, the ALJ followed the sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that, although Plaintiff has worked part time since her alleged onset date, that work has not constituted substantial gainful activity (TR. 17). At step two, the ALJ determined that Plaintiff has severe impairments consisting of chronic back pain secondary to degenerative disc disease of the lumbar spinal region; emphysema/asthma/COPD; chronic hands and feet pain secondary to arthritis; and flat feet (TR. 17). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform skilled medium work as defined in 20 CFR 404.1567(c), 404.1568(c), 416.967(c), and 416.968(c) except no more than occasional climbing of ramps and stairs and no climbing of ladders, ropes, or scaffolds

(TR. 18).

The ALJ identified Plaintiff's past relevant work as a nurse aide at a nursing home and determined at the third phase of step four that Plaintiff could perform her past relevant work (TR. 20). Thus, the ALJ determined that Plaintiff is not disabled.

## ISSUES FOR REVIEW

Plaintiff contends the ALJ's RFC determination is not supported by substantial evidence in the record. She further contends that the ALJ's credibility finding is flawed.

## ANALYSIS

### I. Sufficiency of the Evidence

The ALJ determined that Plaintiff has the residual functional capacity "to perform medium work" (TR. 18). Plaintiff contends that the ALJ's RFC is not supported by substantial evidence in the record. This point is well-taken.

Two agency doctors offered opinions as to Plaintiff's exertional abilities. Each concluded that Plaintiff can perform no more than a limited range of light work, as defined 20 C.F.R. §§ 404.1567(b) and 416.967(b). *See* Physical Residual Functional Capacity Assessment dated June 1, 2010, and signed by Craig Billinghurst, M.D. (TR. 177-184). Dr. Billinghurst's opinion is supported by the Case Analysis dated July 27, 2010, and "affirmed as written" by Walter W. Bell, M.D. (TR. 185).

3

A review of the administrative record in this case reveals no medical evidence to the contrary. The report of the consultative examiner, James P. Metcalf, M.D., also supports an RFC for no more than light work. Dr. Metcalf noted that Plaintiff was working only nine days per month with a 20-pound weight restriction (TR. 165). Dr. Metcalf found Plaintiff to have limited range of motion in all planes, a bilaterally tender cervical and lumber spine, and shortness of breath at rest (TR. 165-170).

Additionally, Plaintiff testified that, although she continues to work part-time as a CNA, she is restricted to lifting no more than 20 pounds, and, therefore, she is unable to lift patients (TR. 241-242). But the ALJ based his decision on a finding that Plaintiff can perform her past relevant work as a nurse aide at a nursing home because the work "falls within the definitions of semi-skilled work performed at the medium exertional level" (TR. 21). Because the ALJ found that Plaintiff's part-time work does not constitute substantial gainful employment, that work cannot be considered "past relevant work," and certainly cannot constitute proof that Plaintiff can perform medium work. *See* 20 C.F.R. §§ 404.1572.

The Commissioner contends that it is the ALJ, not a physician, who is responsible for assessing the RFC determination (Defendant's Brief, ECF No. 13 at 4). While this statement is certainly true, an ALJ's RFC determination at step four must still be supported by substantial evidence. Here, there is no evidence to support the ALJ's RFC determination. For this reason, the Commissioner's final decision must be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## II. The ALJ's Credibility Analysis

Plaintiff also challenges the ALJ's evaluation of her subjective complaints regarding the intensity, persistence, and limiting effects of her symptoms. The ALJ stated that Plaintiff's allegations were not credible to the extent they were inconsistent with the ALJ's own RFC assessment (TR. 20).

Regarding credibility determinations, the Tenth Circuit Court of Appeals has stated:

> Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.

*Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation, brackets, and internal quotation marks omitted). In this case, the ALJ recognized the correct two-step framework for considering a claimant's symptoms (TR. 18). In making the credibility determination, the ALJ appeared to consider some of the relevant factors set forth in SSR 96-7p, 1996 WL 374186 at *3 (citing factors relevant to credibility determinations including claimant's daily activities; the location, duration and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any treatment other than medications the individual receives or has received for pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due

5

to pain or other symptoms); *Hamlin v. Barnhart*, 364 F.3d 1208, 1220 (10th Cir. 2004) (stating ALJs "should consider" factors set forth in SSR 96-7p). An ALJ is not required, however, to conduct a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ found Plaintiff's credibility to be lacking because "[u]pon the end of her 2002 worker's compensation litigation, the claimant was not found to suffer total-permanent disability precluding her from all work activities or even described as unable to return to her previous employment as nurse aide on a full-time basis" (TR. 19). The ALJ's reliance upon the outcome of Plaintiff's 2002 workers' compensation case, concluded nine years before she applied for social security benefits, is irrelevant to the credibility of her complaints of chronic pain in 2009. Moreover, the standards for workers compensation cases and social security cases are different. *See Jones v. Barnhart*, 53 Fed. Appx. 45, 47 (10th Cir. 2002) ("Simply put, the workers' compensation . . . proceedings are entirely different and separate from a claim under the Social Security Act, with different parties, different evidentiary standards, and different bodies of law governing their outcomes. *Compare* Okla. Stat. tit. 85, § 22 (schedule of disability compensation under Oklahoma Workers' Compensation Act), . . . *with* 20 C.F.R. § 404, subpt. P (social security regulations for determining disability and blindness)) (unpublished). While disability determinations by other agencies should be considered, *see Baca v. Dep't of Health & Human Services,* 5 F.3d 476, 480 (10th Cir. 1993), they are not binding on the Commissioner, *see* 20 C.F.R. § 404.1504.

The ALJ's conclusion that the record did not support Plaintiff's credibility because she apparently had not "experienced frequent or prolonged acute episodes [of] pain or other symptoms requiring surgery or other invasive treatments" (TR. 19) is likewise misplaced. The fact that a claimant has not resorted to "surgery or other invasive treatments" does not prove the claimant does not experience disabling pain. Plaintiff testified that she does not have insurance and cannot afford even the medications needed to help her breath, much less invasive surgical procedures (TR. 237).

The ALJ's consideration of the fact that diagnostic studies show the degenerative disc disease of her lumbar spinal region to be very mild, (TR. 19), is a legitimate factor for consideration as is the Plaintiff's testimony regarding her daily activities (TR. 20). But a review of Plaintiff's testimony reveals that, although she lives independently, as the ALJ noted, her daily activities are really quite limited (TR. 238-239; 243). And though she continues to work part-time, Plaintiff's testimony reflects that being on her feet even that long results in swelling of her feet and hands (TR. 241-242). Moreover, Plaintiff testified that she can work part-time only because her employer has made special accommodations for her, and her fellow employees understand her limitations and help her perform her job (TR. 242). The ALJ's credibility analysis is not supported by substantial evidence in the record as a whole.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the ALJ's decision is not supported by

substantial evidence in the record. Thus, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **July 7, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 23, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE